UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DEL CAMPO CASTRO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-04727-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 22, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion seeking his immediate release which the court construes as a motion for temporary restraining order. (Doc. No. 2.) Therein, petitioner states that he was detained by ICE on May 12, 2026 and that he does not have any criminal history. (Doc. No. 1 at 1–2.) Petitioner does state when he entered the United States, but he has submitted a letter written by his father stating that petitioner graduated from Ogden High School in Utah and has been working steadily for two to three years. (Doc. No. 2 at 3.)

/////

1

On June 23, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 23, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents concede that there does not appear to material differences between this case and those cited in the court's order (Doc. No. 6).  (Doc. No. 7 at 2.)  Respondents have not disputed any of the facts that petitioner alleged in his petition, nor have they argued that he is a danger to the community or a flight risk.  Finally, respondents have stated no opposition to the court ruling on the pending *habeas* petition based upon the briefing currently before it and the court will do so.

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who:  (1) have entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  Applying the reasoning set forth in that decision, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondents have failed to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court also incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal.

2

Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents have failed to provide authority for petitioner's detention.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.    Respondents are ORDERED to immediately release petitioner Jose Del Campo Castro, A-File No. 221-493-938, from respondents' custody;

      b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 24, 2026**    _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3